UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RICK HILL,<br><br>　　　　　Respondent. | No.  2:12-cv-02621 DAD P<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

**I.  Application to Proceed In Forma Pauperis**

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

**II.  Petitioner's Habeas Petition**

　　　　In his pending petition petitioner challenges the classification of a prison rules violation, of which he was found guilty, as a serious disciplinary offense rather than as an administrative rules violation.  On July 21, 2010, petitioner was issued a prison rules violation report (Log No. 210-07-040) charging him with possession of tobacco.  Petitioner contends that if this prison rules violation was treated as merely "administrative," he would not have incurred a loss of good time

1

credits as a result of the disciplinary offense. (ECF No. 1 at 4.) However, according to petitioner, on August 25, 2010, the hearing officer found him guilty of the charged prison rules violation and assessed him a loss of 30-days of time credits. (Id. at 5.) Petitioner contends that when he asked the hearing officer to identify the regulation which authorized the finding that the offense was a serious rules violation, the hearing officer cited to § 5315 of the applicable regulations. (Id.) Petitioner argues that that section does not list possession of tobacco as a serious prison rules violation. (Id.) Petitioner contends that prison officials have attempted to justify the classification of his rules violation as a serious violation in responses to his filing of inmate appeals. (Id.) Petitioner also argues that he was not given notice that he was being charged with a serious rules violation and he was therefore not prepared to defend against a serious rules violation charge at the time of his disciplinary hearing. (Id.) Petitioner requests that this federal habeas court determine whether the classification of the disciplinary charge as a serious rules violation was legal and, if so, whether he was entitled to notice and an opportunity to present a defense to a serious rules violation disciplinary charge. (Id.)

**III. Rule 4 of the Rule Governing § 2254 Cases**

The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. See Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

**IV. Analysis**

It is well established that inmates subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause but are not entitled to the full panoply of rights afforded to criminal defendants. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455–56 (1985); United States v. Segal, 549 F.2d 1293, 1296–99 (9th Cir.1977) (observing that prison disciplinary proceedings command the least

amount of due process along the prosecution continuum). An inmate is entitled to advance written notice of the charge against him, as well as, a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken. See Wolff, 418 U.S. at 563. An inmate also has a right to a hearing at which he may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. See also Ponte v. Real, 471 U.S. 491, 495 (1985). Lastly, the decision rendered on a disciplinary charge must be supported by "some evidence" in the record. Hill, 472 U.S. at 455.

Here, petitioner claims that the notice provided to him by prison officials was inadequate because he did not know until after his disciplinary hearing that the rules violation with which he was charged was being classified as a serious offense. The procedures for classification of a prison rules violation as administrative or serious is governed by state regulations. See Cal. Code Regs. tit. 15, §§ 3313- 3315. However, a federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law, Pulley v. Harris, 465 U.S. 37, 41 (1984), and the classification of a rules violation is considered to implicate purely an interpretation of state law. See Turner v. Yates, No. 1:11-cv-00181-AWI-DLB (HC), 2011 WL 1585622, at *3 (E.D. Cal. April 22, 2011) ("Petitioner's claim that the rules violation should not have been classified as serious under state regulations is not a cognizable federal claim."); Noor v. Martell, No. 2:08-cv-1656- WBS-JFM (HC), 2010 WL 2196661, at *3 (E.D. Cal. May 28, 2010) ("To the extent that petitioner claims that the disciplinary was improperly classified as a serious offense under applicable state regulations it is based solely on an interpretation of state law and is not cognizable in this proceeding."). Moreover, in the prison disciplinary context due process requires that the inmate receive notice of the charge, which petitioner received, not the classification of the charge. See Williams v. Martel, No. 2:11-cv-1762 WBS KJN P, 2011 WL 5526424, at *9 (E.D. Cal. Nov. 14, 2011) (rejecting petitioner's claim that he did not receive adequate notice of the reclassification of the charged disciplinary offense when it was clear that he received notice of the actual disciplinary charge, since "[n]otice of classification does not enable a petitioner to marshal the facts and prepare a defense" to the charge).

### V. Certificate of Appealability Should Not Issue

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. See also Hayward v. Marshall, 603 F.3d 546 (9th Cir.2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in these findings and recommendations, petitioner has not made a substantial showing of the denial of a federal constitutional right. Accordingly, no certificate of appealability should issue in this case.

### VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's October 22, 2012 application for leave to proceed in forma pauperis (ECF No. 2) is granted; and

2. The Clerk of the Court is directed to randomly assign this case to a District Judge.

Also, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be summarily denied pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254; and

2. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

/////

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2013

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
cole2621.summdism

5