UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN, | No. 2:12-cv-2621 KJM DAD P |
| Petitioner, | |
| v. | ORDER |
| RICK HILL, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 19, 2013, the magistrate judge filed findings and recommendations, which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within fourteen days.  Petitioner has filed objections to the findings and recommendations.  In his objections, petitioner argues that he is not challenging his rules violation as improperly classified, but that the charge of possession of tobacco is not punishable by the loss of time credits.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper

1

analysis.[1]  The court writes separately to emphasize that exhibits appended to the petition demonstrate that petitioner was provided with notice prior to the hearing, that the charge of possession of tobacco was being charged as a serious rules violation.  *See* Ex. 1 to Petition (ECF No. 1).  Moreover, as the Sacramento County Superior Court explained in its decision denying petitioner's state petition for writ of habeas corpus, 15 C.C.R. § 3315(a)(1)(B) authorizes classification of a prison rules violation "as serious if it presents a hazard to prison security" and in this case the amount of tobacco found in petitioner's cell  "had a high monetary value and could be a threat to prison security."   *See* ECF No. 1, *In re the Matter of Saahdi Coleman on Habeas Corpus*, at 2.  The facts of the petition at bar do not support petitioner's claim that his loss of time credits was wholly unauthorized by state law.

Accordingly, IT IS HEREBY ORDERED that:

1. The order inadvertently filed in this case on January 13, 2015 (docket no. 12) is vacated and replaced by this order;

2. The findings and recommendations filed September 19, 2013, are adopted in full;

3. The petition for writ of habeas corpus is summarily denied as provided by Rule 4 of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: January 13, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court corrects a typographical error p. 2 l.5 of the findings and recommendations; the correct citation is to § 3315 of title 15 of the California Code of Regulations.